UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LENELLE GRAY,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:10-1772 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[1]

Before the court is the defendant's motion for summary judgment. (Doc. No. 20). For the reasons set forth below, the court recommends that the motion be **GRANTED** in part and **DENIED** in part.

### I.   FACTS AND PROCEDURAL BACKGROUND

The plaintiff, Lenelle Gray, is confined at the United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania ("USP Lewisburg"). (Doc. No. 1 at 2). Gray alleges that, on August 14, 2009, he and his cell mate, Andrew Bennett, were having difficulty getting along, and, as such, they notified a Correctional Officer who was working the morning shift. *Id.* More specifically,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Gray alleges that he told the Correctional Officer that he and his cell mate needed to be separated, and that his cell mate told the Correctional Officer that he would attack Gray if Gray was not removed from the cell. The Correctional Officer stated he would notify the Lieutenant, but the Lieutenant never spoke to the plaintiff or his cell mate. *Id.*

Consequently, when the next shift started, and Correctional Officer Blue arrived, the plaintiff informed him that he and his cell mate were having difficulty getting along, and that he would like to be separated from him before something serious happened. *Id.* Correctional Officer Blue told the plaintiff that he would notify the Lieutenant. *Id.* Blue subsequently told Gray that the Lieutenant stated that he would have to wait until Monday, when the Unit Team was present, for a cell change to be made. *Id.* Gray, again, reiterated his concerns about remaining in a cell with his cell mate. *Id.* Specifically, he allegedly stated that he feared for his life while in the cell with Bennett because Bennett repeatedly threatened to attack him. *Id.*

Later that evening, the plaintiff's cell mate allegedly struck the him in the face with a razor, and continued to physically attack him, until the Correctional Officers arrived and helped to end the attack. *Id.* at 2-3. Plaintiff alleges that he was attacked with was a razor because Correctional Officer Blue must

2

have failed to retrieve a razor from his cell mate, after he showered, prior to August 14, 2009. *Id.* at 4.

On August 24, 2010, the plaintiff commenced this action by filing a complaint against the defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. No. 1). Specifically, the plaintiff claims that (1) the Bureau of Prisons ("BOP") officials were negligent in failing separate him from his cell mate and/or protect him from the August 14, 2009 incident involving his cell mate, and (2) Correctional Officer Blue was negligent because he failed to collect his cell mate's razor which was used to assault him during the August 14, 2009 incident. *Id.*

On January 26, 2011, the defendant filed a motion for summary judgment, (Doc. No. 20), that was accompanied by a brief in support and a statement of material facts. (Doc. No. 22), (Doc. No. 23). On March 7, 2011, the plaintiff filed a brief in opposition, (Doc. No. 26), and, on March 21, 2011, the defendant filed a reply brief. (Doc. No. 27). Thus, the motion is ripe for our review.

II. **STANDARD OF REVIEW**

Summary judgment is appropriate if the "pleadings, the discovery

[including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a

4

genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

**III.   ANALYSIS**

"In general, the United States enjoys sovereign immunity from lawsuits

seeking monetary damages." *See* Terrell v. Hawk, 154 Fed. Appx. 280, 282 (3d Cir. 2005) (citing *FDIC V. Meyer*, 510 U.S. 471, 475 (1994)). "The Federal Tort Claims Act constitutes a waiver of that immunity for injuries 'caused by the negligent or wrongful Act or omission of any employee of the Government, under circumstances where the United States if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *See id.* (quoting 28 U.S.C. § 1346(b)).

However, the FTCA is subject to a number of exceptions. One of the exceptions to the FTCA is the discretionary function exception contained in 28 U.S.C. §2680(a). *See Terrell,* 154 Fed. Appx. at 282. Under this exception, the FTCA's waiver of sovereign immunity does not apply to claims ". . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion be abused." 28 U.S.C. §2680(a). In order to determine if the discretionary function applies, and bars suit against the United States, the court must consider the following two factors:

> First, a court must determine whether the act involves an element of judgment or choice. The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.

6

> Second, even if the challenged conduct involves an element of judgment, the court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*Mitchell v. United States*, 225 F.3d 361, 363-364 (3d Cir. 2000) (citations and internal quotation marks omitted)).

1. *Failure to Protect Gray from the Attack by his Cell Mate*

To the extent the plaintiff claims that the BOP officials were negligent in failing to separate him from his cell mate and/or protect him from the attack by his cell mate, the Government argues that such claims are barred by the discretionary function exception. For the reasons that follow, the court agrees.

Under the FTCA, the government's duty of care towards federal prisoners is governed by 18 U.S.C. §4042. *Jones v. United States*, 91 F.3d 623, 624 ( 3d. Cir.1996). Specifically, §4042(a)(2) and (3) requires the Bureau of Prisons to provide for the protection and safekeeping of inmates in its care. *See* 18 U.S.C. §4042(a)(2) and (3). However, this statute leaves the implementations of these duties to the discretion of BOP officials. *See Donaldson v. United States*, 281 Fed. Appx. 75, 77 (3d Cir. 2008). Moreover, as the Government properly argues, in this case, there is no federal statute,

7

regulation or policy that requires the BOP to take a particular course of action to ensure the plaintiff's safety from attacks by other inmates. Therefore, the BOP officials acts clearly involved an element of judgment or choice, and the first prong of the *Mitchell* analysis is satisfied.

With respect to the second prong of the *Mitchell* test, the court finds that this prong has been satisfied as well. Specifically, in *Donaldson*, the Third Circuit explained:

> the judgment involved in this case -- *i.e.*, how best to protect one inmate from the threat of attack by another -- "is of the kind that the discretionary function exception was designed to shield." *Mitchell*, 225 F.3d at 363. Prison administrators should be afforded wide-ranging deference in implementing and executing their policies because their discretion is needed to preserve internal discipline and maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979). Supreme Court authority underscores the principle that prison officials have discretionary power over the safety of the institutions they operate. *See Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981); *see also Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

*Donaldson*, 281 Fed. Appx. at 77.

Because both prongs of the *Mitchell* test have been satisfied, and because the well-settled case law provides that the discretionary function exception bars federal prisoners' FTCA claims regarding injuries by fellow inmates, and claims regarding the transfer and placement of prisoners, the court recommends that the United States' motion for summary judgment on

this claim be granted. *See Calderon v. United States*, 123 F.3d 947 (7th Cir. 1997) (finding that the BOP's decision not to separate inmates is properly classified as a discretionary act); *Rinaldi v. United States*, No. 09-1700, 2010 U.S. Dist. LEXIS 118905, at *11-12 (M.D. Pa. Nov. 9, 2010) ("Courts within this circuit and others have uniformly held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception.") (collecting cases); *Ballester v. United States,* No. 02-2712, 2006 U.S. Dist. LEXIS 89522, at *5-6 (N.D. Ga. Dec. 8, 2006) (the transfer and placement of prisoners normally falls under the discretionary functions exception of the FTCA) (collecting cases).

2.   *Failure to Collect the Razor*

The plaintiff's remaining claim is that Correctional Officer Blue was negligent in failing to collect the razor from his cell mate. More specifically, the plaintiff claims that, because his cell mate had a razor, Correctional Officer Blue must have failed to follow the BOP's policy, contained in the Special Management Unit - Inmate Handbook which provides:

> **RAZORS**: Inmates will be issued new disposal [sic] razors while showering. All razors will be accounted for and disposed of at the end of the shower.
>
>   . . .

> **SHOWER SCHEDULE**: Inmates housed in the SMU will be afforded the opportunity to shower three times per week. Showers will be for ten minutes. If an inmate wishes to shave, he will be issued a razor while showering.

(Doc. No. 22-1 at 24).

As stated above, the two-part inquiry to guide the application of the discretionary function exception first requires a court to determine whether the act involves an "element of judgment or choice." *Mitchell*, 225 F.3d at 363. "The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow . . ." *Id.*

Here, there was a policy in place providing that all razors would be accounted for and disposed of at the end of an inmate's shower. Because the plaintiff has pointed to a mandatory policy that required razors be disposed of and accounted for at the end of a shower, and the plaintiff claims that a BOP official violated this policy by not retrieving his cell mate's razor, the court cannot find that the discretionary function exception is applicable. *See id. See also Cohen v. United States*, 151 F.3d 1338, 1344-45 (11th Cir 1998) ("'if the employee violates the mandatory regulation [or guideline], there will be no shelter from liability because there is no room for choice and the action will be contrary to policy.'"). Therefore, the court recommends that the Government's

10

motion for summary judgement on this claim be denied.[2]

IV. **RECOMMENDATION**[3]

For the reasons elaborated above, **IT IS RECOMMENDED THAT** defendant's motion for summary judgment, (Doc. No. 20), be **GRANTED** in part and **DENIED** in part.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** August 17, 2011
O:\shared\REPORTS\2010 Reports\10-1772-01.wpd

---

[2] The court notes that in the Government's reply brief, a new argument is advanced, namely that the record is void of evidence that plaintiff's cell mate obtained a razor blade because a BOP staff member failed to collect it from him after he showered. Unfortunately, the court is unable to consider this argument as it was not advanced in the Government's initial brief. *See Am. Home Mortg. Corp. v. First Am. Title Ins. Co.*, No. 07-1257, 2007 U.S. Dist. LEXIS 83337, at *11 n.8 (D.N.J. Nov. 8, 2007) ("Because Defendant raises this issue for the first time in its reply, the Court will not consider this argument."). *See also Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)* ("An issue is waived unless a party raises it in its opening brief."). As such, the court may only address the arguments advanced by the parties in their opening briefs.

[3] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

11