IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENELLE GRAY, | : | |
|     Plaintiff | : | No. 1:10-cv-1772 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | (Magistrate Judge Mannion) |
|     Defendant | : | |

## MEMORANDUM

Before the Court is defendant's motion for summary judgment (Doc. No. 20), Magistrate Judge Malachy Mannion's Report and Recommendation ("R&R"), recommending that the motion be granted in part and denied in part (Doc. No. 31), and Defendant's objections to the R&R (Doc. No. 32). For the reasons that follow, the Court will adopt the R&R in part and grant the motion for summary judgment.

## I.   BACKGROUND

The background of this dispute is more fully set forth in Magistrate Judge Mannion's R&R; however, the Court will briefly discuss the relevant factual issues. Plaintiff Lenelle Gray is an inmate at the United States Penitentiary at Lewisburg ("USP Lewisburg"), in Lewisburg, Pennsylvania. (Doc. No. 1 at 2.) Plaintiff alleges that he and his cell mate, Andrew Bennett, notified a correctional officer, on the morning of Friday, August 14, 2009, that they were not getting along and that they needed to be separated. (Id.) Plaintiff allegedly notified the correctional officer that his cell mate would attack Plaintiff if Plaintiff was not removed from the cell. After notifying a second correctional officer later in the day, the second correctional officer informed Plaintiff that the Lieutenant stated that the cell change could not go forward until Monday, when the Unit Team was present. (Id.) Plaintiff allegedly reiterated his concerns, stating that he feared for his life, as his cell mate Bennet repeatedly threatened to attack him.

(Id.)  That evening, Bennet allegedly struck Plaintiff in the face with a razor, and continued to physically attack him until the correctional officers arrived and helped end the attack.  (Id. at 2-3.)

On August 24, 2010, Plaintiff filed a complaint against the United States of America under the Federal Tort Claims Act (FTCA), claiming: (1) that the Bureau of Prison (BOP) officials were negligent in failing to separate or protect him from his cell mate; and (2) that correctional officer Blue was negligent in failing to collect Bennett's razor, which was used in the August 14, 2009 incident.  (Id.)  On January 26, 2011, Defendant filed a motion for summary judgment.  (Doc. No. 20.)  On August 17, 2011, Magistrate Judge Mannion issued his R&R, recommending that the motion for summary judgment be granted as to the first claim, but denied as to the second claim.  (Doc. No. 31.)  On August 31, 2011, Defendant filed an objection to Magistrate Judge Mannion's recommendation as to the second claim.  (Doc. No. 32.)

## II.   STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Fed. R. Civ. P. 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject or modify the R&R, the Court is to make a de novo determination of those portions of the R&R to which objection is made.  28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the nonmoving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex, 477 U.S. at 322-23. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322-23.

### III. DISCUSSION

The United States enjoys sovereign immunity from lawsuits seeking monetary damages, except where that immunity is waived. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Loeffler v. Frank, 486 U.S. 549, 554 (1988); Fed. Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940). The FTCA waives sovereign immunity for injuries "caused by the negligent or wrongful Act or omission of any employee of the Government, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The waiver of sovereign immunity in the FTCA does not apply to claims "based upon the exercise or performance or the failure to exercise or

perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In order to determine whether this "discretionary function" exception applies, the Court must determine: (1) whether the act involves an element of judgment or choice, rather than a course of action prescribed by a federal statute, regulation, or policy; and (2) "even if the challenged conduct involves an element of judgment, the court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." Mitchell v. United States, 225 F.3d 361, 363-64 (3d Cir. 2000).

In his R&R, Magistrate Judge Mannion recommended that Defendant's motion for summary judgment be granted "[t]o the extent that plaintiff claims that the BOP officials were negligent in failing to separate him from his cell mate and/or protect him from the attack by his cell mate." (Doc. No. 31 at 8.) Magistrate Judge Mannion explained that "well-settled case law provides that the discretionary function exception bars federal prisoners' FTCA claims regarding injuries by fellow inmates, and claims regarding the transfer and placement of prisoners." (Id. (citing inter alia Calderon v. United States, 123 F.3d 947 (7th Cir. 1997); Rinaldi v. United States, No. 09-cv-1700, 2010 WL 4642498, at *4 (M.D. Pa. Nov. 9, 2010) ("Courts within this circuit and others have uniformly held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception.") (collecting cases)).) Defendant does not object to this portion of the R&R, and Plaintiff has not filed objections to the R&R.

With respect to Plaintiff's claim "that Correctional Officer Blue was negligent in failing to collect the razor from his cell mate," Magistrate Judge Mannion recommended that summary judgment not be granted, as he found that a policy in the BOP's Inmate Handbook for USP

Lewisburg (Doc. No. 22-1 at 22) removed the "element of judgment or choice" as to the collection and disposal of razors within the prison. (Doc. No. 31 at 9-10 (quoting Mitchell, 225 F.3d at 363).) Magistrate Judge Mannion explained, "Because the plaintiff has pointed to a mandatory policy that required razors be disposed of and accounted for at the end of a shower, and the plaintiff claims that a BOP official violated this policy by not retrieving his cell mate's razor, the court cannot find that the discretionary function exception is applicable." (Id. at 10.)

Defendant objected to this portion of the R&R, arguing that the Inmate Handbook "was not written for the purpose of creating prison policy or establishing mandates that compel BOP staff members to carry out certain duties." (Doc. No. 32 at 5.) Rather, Defendant argues that federal regulations merely require the BOP to provide inmates with "those articles necessary for maintaining personal hygiene," and that "[s]having equipment is to be made available on request." (Doc. No. 32 at 5 (quoting BOP Program Statement 5230.05 (Doc. No. 32-1 at 1-3); 28 C.F.R. §§ 551.6).) Defendant argues that "[t]he absence of specific instructions to staff as to the manner in which they perform their duties, including the manner of dispensing razors to inmates, strongly suggests that they are vested with discretion to execute those tasks in the best manner possible given issues pertaining to prison security, staffing, and availability of prison resources." (Id. at 6.)

The Inmate Handbook provides: "Inmates will be issued a new disposal [sic] razor when showering. All razors will be accounted for and disposed of at the end of the shower." (Doc. No. 22-1 at 24.) Defendant argues that the Inmate Handbook is addressed to inmates, not to prison personnel, and points to the language in the handbook's introduction:

> The following guide is written to present a general overview of the
> Special Management Unit at USP, Lewisburg. It is not intended to

5

be a complete guide to all rules and regulations that will govern your behavior. It is intended to assist you in understanding and adjusting to your new institution.

(Doc. No. 32 at 4-5; Doc. No. 22-1 at 23.)

The Court agrees with Defendant, and finds that the Inmate Handbook does not create policy that removes the "element of judgment or choice" from correctional officers at USP Lewisburg. The handbook merely acts as a guide to inmates at the institution. Prison officials do have a duty to provide for the safekeeping of inmates and to provide inmates with the means of maintaining personal hygiene; however, the language in the Inmate Handbook does not affect the discretion given to the correctional officers as to how to carry out these duties. The implementation of these duties is left to the discretion of the BOP and "how best to protect one inmate from the threat of attack by another is of the kind that the discretionary function exception was designed to shield." Rinaldi, 2010 WL 4642498, at *4 (quoting Donaldson v. United States, 281 F. App'x 75, 77 (3d Cir. 2008)); see also Allen v. United States, No. 05-cv-1557, 2007 WL 2572319, at *3 (W.D. La. Aug. 15, 2007) ("Therefore, where, as here, the government has the discretion where and how to house inmates and in what manner to issue safety razors, the discretionary function exception applies and the government is shielded from plaintiff's tort claims."); Ortiz v. United States, No. 01-cv-4665, 2002 WL 1492115, at *4 (S.D.N.Y. July 11, 2002) (holding that 28 C.F.R. § 551.6 leaves implementation of the duty to provide articles necessary for personal hygiene to discretion of prison warden and that the decision to provide inmates with razor blades falls under the discretionary function exception to the FTCA). Accordingly, the discretionary function exception to the FCTA bars Plaintiff's claim related to the razor blade allegedly issued to Bennett, and the Court will grant Defendant's

motion for summary judgment.

**IV.     CONCLUSION**

      Based on the foregoing, the Court will adopt Magistrate Judge Mannion's R&R in part. An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LENELLE GRAY,** | : | |
| **Plaintiff** | : | No. 1:10-cv-1772 |
| | : | |
| **v.** | : | (Chief Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | (Magistrate Judge Mannion) |
| **Defendant** | : | |

## ORDER

**AND NOW**, on this 30th day of September 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's Report and Recommendation (Doc. No. 31) is **ADOPTED IN PART**, and Defendant's motion for summary judgment (Doc. No. 20) is **GRANTED**. The Clerk of Court is directed to close the case.

                                              S/ Yvette Kane
                                              Yvette Kane, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania